In the Matter of the FAIR HEARING FOR FORT THOMPSON SENIOR CITIZENS, INC., Crow Creek Sioux Tribe, Intervenor.

No. 14251-r-JF.

Supreme Court of South Dakota.

Considered on Briefs Jan. 19, 1984.

Decided Feb. 29, 1984.

Janice Godtland, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Max A. Gors, General Counsel, Crow Creek Sioux Tribe, James E. Carlon, Pierre, for appellant.

FOSHEIM, Chief Justice.

On October 1, 1981, Fort Thompson Senior Citizens, Inc. (Senior Citizens) succeeded the Crow Creek Sioux Tribe (Tribe) as official grantee of a federally funded elderly nutrition program. The program, which is administered by the Office of Adult Services and Aging of the South Dakota Department of Social Services (Department), funds meals and transportation access for the elderly. The Senior Citizens applied for renewal of the nutrition grant prior to its expiration on June 30, 1982. The Department denied the application in a letter dated August 16, 1982. The denial was purportedly made retroactive to July 1, 1982, to encompass the entire 1982–1983 budget year. The Senior Citizens brought an administrative appeal. The Tribe was granted leave to intervene. The Department upheld the nonrenewal and the circuit court affirmed. The Tribe appeals. We reverse.

The Tribe alleges that the Department's decision not to renew the grant was conveyed to the Senior Citizens too late to be

effective for the 1982–1983 budget year. A.R.S.D. 67:40:06:09 provides:

> Awards to a grantee to support a project shall be approved for a maximum of one year. Application for additional support for a second or subsequent budget year of the project period shall be made on an official application prior to the termination date of the award. Before continuation support is awarded for any subsequent year, the department shall conduct an annual on-site evaluation as referenced in § 67:40:03:06. *Disapproval of continuation funding shall be made in writing by the department before the beginning of the budget year for which continuation funding is requested.* [Emphasis added]

The administrative hearing officer and the trial court recognized that the Department clearly violated this regulation when it disapproved the funding renewal after the beginning of the 1982–1983 budget year. Surprisingly, both tribunals considered the tardy grant disapproval proper. They relied on authority which holds the sovereign cannot be estopped from enforcing rules or regulations when its agents or employees misapply or misquote them to citizens who rely on the erroneous advice to their detriment. *See Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685, reh. den. 451 U.S. 1032, 101 S.Ct. 3023, 69 L.Ed.2d 401 (1981).

■ The estoppel theory is not appropriate. It was the Department which failed to abide by its own rule, not an outsider who acted on the basis of incorrect governmental advice. A legislative rule is clearly binding on the agency that issues it. 2 Davis, Administrative Law Treatise, § 7:21; *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). In view of A.R.S.D. 67:40:06:09, the Department had no power to disapprove continuation funding after July 1, 1982, the beginning of the budget year for which continuation funding was requested.

■ The Department correctly argues that the grant award was for one year and that there was no explicit provision for automatic renewal. The administrative rule providing for notice of disapproval of continuation funding prior to a new budget year, however, creates the justifiable expectation that the program will be continued if no notice of disapproval has been tendered according to the regulation. The Department cites *State, Dept. of Soc. Serv. v. Rodvik,* 264 N.W.2d 898 (S.D.1978), for the proposition that the mere expectation of the renewal of a government contract is not a property right. That case, however, speaks in terms of a "mere unilateral hope" of renewal not creating a property right. It does not address the situation in which a regulation not timely met by the Department creates an expectation that the program will continue to be funded. This regulation was obviously enacted to obviate funding uncertainty for a year-to-year program before an organization proceeds to incur expenses for a new budget year.

Reversed.

All the Justices concur.